UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| STEVEN BELL, individually and on behalf of all similarly situated individuals, | )<br>)<br>) |
| Plaintiff, | )  Case No. 11 C 03343<br>)<br>)  Judge Edmond E. Chang |
| v. | )<br>) |
| BIMBO FOODS BAKERIES DISTRIBUTION, INC., | )<br>)<br>) |
| Defendant. | ) |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Steven Bell has sued Bimbo Foods Bakeries Distribution, Inc. (BFBD), on behalf of himself and a proposed class, alleging that BFBD has illegally characterized employees as independent contractors and thus has not paid them overtime wages in violation of the Fair Labor Standards Act (FLSA), 29 U.S.C. §§ 201, *et seq.*, and Illinois state law, 820 ILCS 115/9.[1] R. 1 (Compl.) ¶ 1. Defendant moves [R. 20] to dismiss or, alternately, to transfer or stay the case under the first-filed doctrine because this is the third similar pending action advancing these claims. R. 21 (Def.'s Br.) at 1. For the reasons stated below, the motion to transfer or dismiss is denied, and the parties should be prepared to address whether to stay the case at the next status hearing, scheduled for November 29, 2011.

---

[1] This Court has subject matter jurisdiction under 28 U.S.C. § 1331 for the FLSA claim, and supplemental jurisdiction under 28 U.S.C. § 1367 for the Illinois claim.

The first action brought against BFBD with claims similar to the ones in the present case was filed in the U.S. District Court for the Eastern District of Pennsylvania, more than a year before this action was filed. *Scott v. Bimbo Bakeries USA, Inc.*, No. 2:10-cv-03154 (E.D. Pa. filed June 30, 2010). There is a fully-briefed motion to dismiss in the *Scott* litigation, EDPA No. 10-cv-03154 R. 7, and a pending motion regarding class notice, EDPA No. 10-cv-03154 R. 9. Additionally, a second suit was brought before the U.S. District Court for the Western District of North Carolina, one week before this action was filed. *Troche v. Bimbo Foods Bakeries Distribution, Inc.*, No. 3:11-cv-00234 (W.D.N.C. filed May 11, 2011). In the *Troche* litigation, BFBD filed a motion to dismiss, transfer, or stay similar to the one before the Court now. WDNC 11-cv-00234 R. 9. The district court in *Troche* transferred the case to the Eastern District of Pennsylvania, noting that "the Fourth Circuit adheres to the first-filed rule. . . ." WDNC 11-cv-00234 R. 12 at 3 (citation omitted). But the plaintiff in *Troche* has objected to that order of transfer, and the parties have briefed the objection, which is now pending. WDNC 11-cv-00234 R. 14, 16, 20. Both the *Scott* and *Troche* litigation assert the same claims at issue here. All three cases seek to assert a collective action under the FLSA. The three complaints also allege violations of the respective state laws for the states in which the cases were filed. Due to the similarity of the three cases, BFBD argues that the present case should either be dismissed, transferred, or stayed. R. 21 at 2. Bell has "offered to voluntarily stay his [action]," but responded to the present motion to resist dismissal. R. 26 at 1.

2

Unlike the Fourth Circuit, the Seventh Circuit does not rigidly adhere to a "first filed doctrine," but instead the courts in this Circuit have wide discretion to dismiss – or not to dismiss – duplicative litigation depending on what best serves judicial administration. *Tripple Mfg. Co. v. American Power Conversion Corp.*, 46 F.3d 624, 629 (7th Cir. 1995). When considering whether to dismiss a later-filed suit as duplicative, courts must determine if there are significant "differences between the claims, parties, [or] available relief in the . . . suits" as well as "any special factors counseling for or against the exercise of jurisdiction in the case." *Serlin v. Arthur Andersen & Co.*, 3 F.3d 221, 224 (7th Cir. 1993). Significantly, even if there is overlap between cases, the Seventh Circuit favors staying the later-filed case rather than dismissing it: "When comity among tribunals justifies giving priority to a particular suit, the other action (or actions) should be stayed, rather than dismissed, unless it is absolutely clear that dismissal cannot adversely affect any litigant's interests. . . . There is no 'first filed doctrine' requiring dismissal of all suits after the first." *Central States, Se. & Sw. Areas Pension Fund v. Paramount Liquor Co.*, 203 F.3d 442, 444 (7th Cir. 2000).

Despite the disinclination to dismiss, BFBD first argues that Bell's claims "should be dismissed," R. 21 at 10, to prevent duplicative litigation. Defendant relies heavily on *Serlin* to argue that the present litigation is so similar to the *Scott* litigation that the Court should dismiss Bell's claims. R. 21 at 2-10. In making this argument, BFBD attempts to distinguish *Central States*'s holding by arguing that it occurred in the context of a "race to the courthouse," and that unique circumstances presented a

3

particularly egregious opportunity for prejudice. R. 27 at 6-7. But *Central States* does not limit itself to races to the courthouse. On the contrary, *Central States*'s closing discussion explicitly harmonizes with *Serlin* – which did not involve a race to the courthouse – noting that outright dismissal is "likely to be appropriate when [as in *Serlin*] the same party has filed all of the suits." *Central States*, 203 F.3d at 445. Here, the same party has not filed all of the suits. Instead, Bell is pursuing his own claim, albeit hoping to represent others in a collective and class action, and his claim should not be dismissed merely because someone is pursuing a similar FLSA claim against BFBD in another district. Indeed, there is also a difference in claims among each of the three lawsuits because each complaint alleges a violation of the respective state wage laws. To be sure, the state law claims might very well overlap with one another and with the FLSA claim, but *Central States* warns that dismissal is inappropriate unless it is "absolutely clear" that the plaintiff's interests will not be adversely affected. It is unclear whether the dismissal of the Illinois state law claim will cause prejudice to Bell, because it is possible that the Illinois state law's coverage could either procedurally (as a class action rather than a collective action) or substantively (if the Illinois state law claim provides broader relief on a particular aspect of Bell's claim) be superior to the FLSA's coverage. BFBD argues that Bell could re-file the Illinois state law claim in Illinois state court, but it is possible that the statute of limitations would cut-off some of the time period for liability and damages that is currently covered by this suit; thus, it is not "absolutely clear" that Bell will not be adversely affected by dismissal.

As an alternative to outright dismissal, BFBD seeks to transfer the present case to the district in which the *Scott* case was filed, the Eastern District of Pennsylvania. R. 21 at 1. A district court may transfer a civil action "for the convenience of the parties and witnesses, in the interest of justice . . . to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). A transfer under § 1404(a) is appropriate if (1) venue is proper in both the transferor and transferee court; (2) transfer is for the convenience of the parties and witnesses; and (3) transfer will serve the interests of justice. *Coffey v. Van Dorn Iron Works*, 796 F.2d 217, 219–220 (7th Cir. 1986). The movant has the burden of establishing that the transferee forum is "clearly more convenient." *Id.* at 220. BFBD requests that the case be transferred, but does not argue or discuss any of the relevant factors in either its opening or reply memorandum. R. 21 at 10-11; R. 27 at 10. (Perhaps BFBD's only argument to transfer is really premised only on the same argument made in support of dismissal.) In any event, BFBD has failed to meet its burden of proving that the transferee district is clearly more convenient than the present venue. Accordingly, the motion to transfer is denied.

Finally, BFBD argues that the Court should "at the very least, stay this action while *Scott* is pending." R. 21 at 11. There is certainly some basis to stay the present case, especially if Bell intends to opt-in to the *Scott* litigation. The court does have the authority to stay a case. In deciding whether to enter a stay, a court may consider the whether a stay (1) will unduly prejudice or tactically disadvantage the non-moving party; (2) will simplify the issues in question and streamline the trial; and (3) will reduce the burden of litigation on the parties and on the court. *Pfizer v. Apotex, Inc.*,

5

640 F. Supp.2d 1006, 1007 (N.D. Ill. 2009). Bell has agreed to a stay, so the first element weighs in favor of a stay. As to the second element, the Court and the parties would benefit from the reasoned analysis of the Eastern District of Pennsylvania on issues that are likely to arise in this litigation, and so the second element weighs in favor of a stay. But it is not clear how to treat the third (and perhaps most important) element. This third element turns on whether Bell intends to opt-in to the *Scott* case if the district court there denies the motion to dismiss and grants collective-action status. If Bell intends to opt-in, then a stay might very well be warranted. But if the motion to dismiss is granted in *Scott*, or if Bell has no intention of opting-in or decides not to opt-in to *Scott*, then this litigation should proceed with Bell's claims against BFBD. At the November 29 status hearing, the Court will address this issue with the parties, and Bell's counsel in particular should be prepared to discuss whether Bell intends to opt-in to *Scott*.

      For the reasons stated above, BFBD's motion to dismiss, transfer, or stay [R. 20] is denied.

ENTERED:

_____
Honorable Edmond E. Chang
United States District Judge

DATE: November 28, 2011